UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-0049 PA (MAAx) | Date | August 7, 2023 |
|---|---|---|---|
| Title | Elliott Erwitt, LLC v. Sugar Factory, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    ORDER TO SHOW CAUSE

The Court has reviewed the First Amended Complaint ("FAC") filed by plaintiff Elliott Erwitt, LLC ("Plaintiff") against twenty-two named defendants, including: Sugar Factory, LLC ("Sugar Factory"), nineteen "licensees" that own or operate a Sugar Factory-branded facility ("Licensee Defendants"),[1/] and the co-founders of Sugar Factory, Charissa and Steve Davidovici ("Founder Defendants") (collectively, "Defendants"). (Docket No. 77.) Plaintiff alleges that Defendants infringed upon its registered copyright – a photograph of a man with an umbrella jumping in front of the Eiffel Tower ("Subject Photograph"). Plaintiff asserts the following causes of action against all Defendants: (1) copyright infringement, (2) vicarious and/or contributory copyright infringement, and (2) violation of the Digital Millennium Copyright Act.

Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides that "persons . . . may be joined in one action as defendants" if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; <u>and</u>
>
> (B) any question of law or fact common to all defendants will arise in the action.

---

[1/]    The Licensee Defendants are: Sugar Factory Broadway, LLC; Sugar Factory Atlanta, LLC; Biloxi SF, LLC; Sugar Factory Bravern, LLC; Tablez Food Company, LLC; Sugar Factory PFC, LLC; Atlantic City SF, LLC; Sugar Factory LV Blvd, LLC; Sugar Fox 218, LLC; Sugar Factory Ocean Drive, LLC; Tampa SF, LLC; Sugar Factory I-Drive, LLC; Sugar Factory Rosemont, LLC; Sugar Factory Dubai, LLC; SF 55, LLC; Tablez Restaurant Company, LLC; The Confectionaires, Inc.; Sugar Factory Century City, LLC; and Minn SF, LLC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-0049 PA (MAAx) | Date | August 7, 2023 |
|---|---|---|---|
| Title | Elliott Erwitt, LLC v. Sugar Factory, LLC, et al. | | |

Fed. R. Civ. P. 20(a)(2) (emphasis added); see also League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977).  "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

      Here, the FAC alleges that Sugar Factory "owns and operates the worldwide website www.sugarfactory.com, and licenses the right to its intellectual property, brand, concept, and design to licensees that operate various Sugar Factory licensed businesses around the world." (Docket No. 77 ¶ 38.)  Plaintiff alleges that Sugar Factory and the Founder Defendants accessed, copied, and altered the Subject Photograph without obtaining Plaintiff's authorization.  (Id. ¶¶ 42–45.)  The FAC then alleges, on information and belief, that all Defendants "used, exploited, displayed, and distributed" altered images of the Subject Photograph "in physical locations, as well on various websites."  (Id. ¶ 45.)  Additionally, the FAC alleges that "each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment . . . ."  (Id. ¶ 28.)

      Other than conclusory allegations, the FAC does not contain sufficient, well-pleaded facts that plausibly support an inference that all Defendants acted jointly.  See Ashcroft v. Iqbal, 556 U.S. 662, 679, 664 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").  Rather, the FAC merely alleges, in a conclusory fashion, that Sugar Factory and the Founder Defendants copied, altered, and distributed the Subject Photograph, and that the Licensee Defendants – as owners/operators of Sugar Factory-branded facilities – displayed altered versions of the Subject Photograph at their facilities and on various websites.

      The Court therefore orders Plaintiff to show cause in writing no later than August 21, 2023, why one or more Defendants should not be dropped from this case for improper joinder.  See Fed. R. Civ. P. 20, 21; Coughlin, 130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light").  In response to this Order to Show Cause, Plaintiff may, if it so chooses, limit its claims to Sugar Factory.  Plaintiff may then, if it so chooses, file separate actions against the other Defendants with new complaints and filing fees.  Failure to respond to this Order to Show Cause by August 21, 2023 may, without further warning, result in dismissal of the FAC without prejudice.

      IT IS SO ORDERED.